IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PIERRE PINSON, | ) |
| Petitioner, | ) Civil Action No. 11 - 625 |
| v. | ) Chief District Judge Gary L. Lancaster |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| B. COLEMAN, Superintendent, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus be dismissed without prejudice and that a certificate of appealability be denied.

**II.   REPORT**

Petitioner, Pierre Pinson, a state prisoner confined in the State Correctional Institution at Fayette, Pennsylvania, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition should be dismissed without prejudice in accordance with the Rules Governing Habeas Corpus Cases Under Section 2254 Cases because Petitioner currently is pursuing state court remedies in the Pennsylvania state courts.

**A. Relevant Procedural History**

Petitioner allegations, and public records, show as follows. On July 28, 2000, following a trial in the Common Pleas of Allegheny County at Docket Number CP-02-CR-0013750-1999, Petitioner was found guilty of three counts of robbery, two counts of criminal conspiracy and one

1

count of criminal attempt. On September 12, 2000, the court sentenced Petitioner to a term of from fifty (50) to one hundred and fifty (150) years imprisonment.

Petitioner filed a timely Notice of Appeal and on March 7, 2001, the trial judge court issued its opinion denying Petitioner's claims. Rather than filing an appeal, it appears that on August 3, 2001, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat.§ 9541, *et seq*. The PCRA court appointed counsel and an amended petition was filed. It appears that this proceeding still is pending in the state courts.

In addition, Petitioner states that on April 12, 2011, he filed a second PCRA Petition alleging newly discovered evidence and Brady violations.

## B. Exhaustion Requirement

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal relief. This exhaustion requirement serves to protect the interest of comity, which ensures that the state courts have the first opportunity to address and correct violations of state prisoners' federal rights. Rose v. Lundy, 455 U.S. 509, 518 (1982); Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). Accordingly, before a federal court addresses the merits of a state prisoner's claims, constitutional and federal law issues first must have been fairly presented to the state courts through direct appeal, collateral review, state *habeas* proceedings, *mandamus* proceedings, or other available procedures for judicial review. *See, e.g.*, Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). In addition, the exhaustion requirement requires a petitioner to present his claims to all levels of the state courts. Thus, a petitioner must have presented every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court before exhaustion will be considered satisfied. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). The

petitioner has the burden of establishing that exhaustion has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987). A Petitioner shall not be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure. 28 U.S.C. § 2254(c).

Petitioner currently is in the process of presenting his claims to the Pennsylvania state courts through his PCRA proceeding, which is pending in the Court of Common Pleas of Allegheny County. Considerations of judicial comity and federalism counsel against giving the state system less than a full opportunity to address Petitioner's claims. Thus, it appears that the proper course of action is to allow the Pennsylvania courts to have the first opportunity to address and correct the constitutional violations alleged by Petitioner in the instant petition.

> Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose, 455 U.S. at 518 (internal quotations omitted). Furthermore, the exhaustion requirement serves the secondary purpose of facilitating the creation of a complete factual record to aid federal courts in their review. In light of the discussion above, this Court must stay its hand and dismiss the Petition without prejudice to refiling after he has fully exhausted his claims by presenting them to all levels of the Pennsylvania state courts .

## C. Certificate of Appealability

Section 2253 of the Habeas Corpus Statute provides the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."

3

In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition for failure to comply with the exhaustion requirement was correct. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed without prejudice and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

                                                                                                       _____
Lisa Pupo Lenihan
U. S. Magistrate Judge

Dated: May 19, 2011

cc:    Pierre Pinson
       EK - 2844
       S.C.I. Fayette
       50 Overlook Drive
       LaBelle, PA 15450